UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:17-cr-00222-JMS-TAB-09 |
| v. | ORDER ON MOTIONS FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JOHN E. BELL | (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cr-00222-JMS-TAB |
| ) | |
| JOHN E. BELL, ) -09 | |
| ) | |
| Defendant. ) | |

**ORDER**

Defendant John E. Bell has filed motions seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkts. 1365, 1422. Mr. Bell seeks immediate release from incarceration. Dkt. 1422. For the reasons explained below, his motions are **DENIED**.

**I.   Background**

In November 2018, the Court sentenced Mr. Bell to 180 months of imprisonment and 8 years of supervised release, after he pled guilty to one count of conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine and one count of possession of methamphetamine with intent to distribute. Dkts. 496, 499. In pleading guilty, Mr. Bell stipulated that, in August 2017, his co-defendant gave him one ounce of methamphetamine to redistribute at an apartment complex and that, on another occasion, the co-defendant gave Mr. Bell another two ounces of methamphetamine for distribution. Dkt. 209. Mr. Bell stipulated that he was accountable for the distribution of three ounces of a mixture or substance containing a detectable amount of methamphetamine. *Id.* Prior to sentencing, the United States filed an Information under 18 U.S.C. § 851, alleging that Mr. Bell had a previous felony

conviction for possession of marijuana. Dkt. 154. As a result, under the law as it existed at the time, his mandatory minimum sentence was 10 years, *see* 21 U.S.C. § 841(b)(1)(B)(viii) (eff. Aug. 3, 2010 to Dec. 20, 2018), and the Court sentenced him to 15 years in accordance with his plea agreement. Dkts. 209, 499. The Bureau of Prisons (BOP) lists Mr. Bell's anticipated release date, including good-conduct time, as May 21, 2030.

Mr. Bell is 54 years old. He is currently incarcerated at FCI Ashland in Ashland, Kentucky. As of March 15, 2021, the BOP reports that no inmates and 6 staff members at FCI Ashland have active cases of COVID-19; it also reports that 334 inmates at FCI Ashland have recovered from COVID-19 and that 6 inmates at FCI Ashland have died from the virus. https://www.bop.gov/coronavirus/ (last visited Mar. 15, 2021).

In September 2020, Mr. Bell filed a pro se motion for compassionate release. Dkt. 1365. The Court appointed counsel. Dkt. 1367. Appointed counsel filed an amended motion for compassionate release and supporting memorandum, dkts. 1422, 1423, the United States responded, dkt. 1425, and Mr. Bell filed his reply, dkt. 1426. Thus, the motions are now ripe for decision.

**II.   Discussion**

Mr. Bell seeks immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 1423. Specifically, he contends that his underlying medical conditions (high blood pressure, morbid obesity, high cholesterol, kidney issues, pitted edema, a nodule in his lung and a family history of lung cancer and stroke), which make him more susceptible to severe complications from COVID-19, combine with the BOP's inability to control COVID-19 outbreaks in their facilities to establish extraordinary and compelling reasons to reduce his sentence to time served. *Id.* In response, the United States argues that Mr. Bell has not

3

established extraordinary and compelling reasons for release; that Mr. Bell would pose a danger to the community if released; and that the factors under 18 U.S.C. § 3553(a) do not favor release. Dkt. 1425.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[1] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger

---

[1] The United States contests whether Mr. Bell exhausted his administrative remedies before bringing his compassionate release motion. Dkts. 1370; 1425 at 16-17. It appears that Mr. Bell may have filed his initial motion prematurely, thus potentially warranting dismissal under *United States v. Sanford*, 986 F.3d 779 (7th Cir. 2021). Nonetheless, counsel filed an amended motion on his behalf, well after Mr. Bell had received a response from the warden, arguably curing the timing problem. Dkt. 1422. The Court need not resolve the issue, however, because Mr. Bell's motion is due to be denied on the merits.

> > to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or

5

registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety

of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. Bell does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 provide him with an extraordinary and compelling reason warranting release. Instead, he asks the Court to exercise its broad discretion to find an extraordinary and compelling reason warranting release in this case.[2]

Mr. Bell claims that extraordinary and compelling reasons warrant a sentence reduction in this case because he has various conditions (including high blood pressure, morbid obesity, high cholesterol, kidney issues, pitted edema, a nodule in his lung and a family history of lung cancer and stroke) that increase his risk of experiencing severe COVID-19 symptoms. Dkt. 1423. The CDC (Centers for Disease Control) has recognized that obesity increases the risk for suffering severe COVID-19 symptoms and that hypertension may increase the risk for suffering severe COVID-19 symptoms. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 15, 2021). While it appears that Mr. Bell may be managing these conditions while incarcerated, the Court will assume that Mr. Bell's risk of developing severe symptoms if he contracts COVID-19 creates an extraordinary and compelling reason that could warrant a sentence reduction. *See, e.g.*, *United States v. Finan*, No. 1:17-cr-87-TWP-MJD-1, dkt. 145 at 13 (S.D. Ind. June 23, 2020) ("Therefore, because [the defendant] has established that he has a CDC-identified COVID-19 risk factor, the government does not contest that he has satisfied the 'extraordinary and compelling reason' prong of section 3582(c)(1)(A)(i)."); *United States v. Elmer,* No. 1:17-cr-113-JRS-TAB, dkt. 247 at 7 (S.D. Ind.

---

[2] In keeping with the Seventh Circuit's instruction in *Gunn*, 980 F.3d at 1180–81, the Court has considered the rationale provided by Mr. Bell's warden in denying Mr. Bell's administrative request for relief. Dkt. 1423-2. It is not clear precisely which criteria and under which subsection the warden evaluated Mr. Bell's request. *Id.* Thus, the warden's decision provides little guidance to the Court's analysis.

June 17, 2020) ("[The defendant's] diabetes, during the COVID-19 pandemic, presents an extraordinary and compelling reason allowing for compassionate release."); *United States v. Sanders*, No. 3:06-cr-23-RLY-WGH-1, dkt. 31 at 6 (S.D. Ind. Oct. 26, 2020) ("The government concedes that the defendant has presented 'extraordinary and compelling circumstances,' in that he has at least one condition that puts him at an increased risk of severe illness from COVID-19. . . . Specifically, he is obese."); *United States v. Bilyou*, No. 2:11-cr-9-JMS-CMM-6, dkt. 905 at 6 (S.D. Ind. Nov. 27, 2020) ("The government concedes that the defendant has presented 'extraordinary and compelling circumstances,' in that he has at least one condition that puts him at increased risk of severe illness from COVID-19.").

This assumption does not end the analysis, however, because the Court finds that the applicable § 3553(a) sentencing factors weigh against granting Mr. Bell's compassionate release. The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). The Court will address those factors that are applicable to Mr. Bell's motion.

Here, Mr. Bell suffers from at least one medical condition that increases his risk of experiencing severe symptoms if he contracts COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 15, 2021) (identifying obesity as a condition that increases the risk of severe COVID-19 symptoms). While FCI Ashland experienced a significant outbreak of COVID-19, the BOP's efforts to control the virus among the inmate population appear to be having some success. https://www.bop.gov/coronavirus/ (last visited on Mar. 15, 2021) (showing that 334 inmates at the facility had recovered from the virus). The BOP has also actively begun vaccinating inmates against COVID-19. *See* https://www.bop.gov/coronavirus/ (last visited Mar. 15, 2021). As of March 15, 2021, 100 inmates and 120 staff members at FCI Ashland have received both doses of the COVID-19 vaccine. *Id.* That said, the nature of prisons means that the virus can spread quickly and that inmates have little ability to protect themselves from the virus. In short, the Court is aware of the risk that Mr. Bell faces from COVID-19 and has given it appropriate weight in its consideration of the § 3553(a) factors.

The Court further recognizes that Mr. Bell has worked for Unicor and received good work evaluations, and the BOP has given him a low security classification. The Court also acknowledges that Mr. Bell has completed drug education and has plans for post-release employment

Nonetheless, the facts of Mr. Bell's crimes are serious and warrant a serious sentence. Mr. Bell was accountable for distributing a significant amount of methamphetamine. He has 11 prior adult convictions, including 9 felonies and crimes that involve violence: (1) felony residential burglary in 1985; (2) felony theft in 1985; (3) felony auto theft in 1990; (4) felony theft in 1994; (5) felony criminal confinement in 1996; (6) felony robbery in 1998; (7) felony burglary in 2005; (8) felony auto theft in 2011; and (9) felony possession of marijuana in 2015. He has served

9

significant time in prison but has continued to return to his criminal activities. Moreover, Mr. Bell has only served about 3 ½ years and 25% of his sentence, and he is not set to be released for more than 9 years.[3]

In light of the above, the Court finds that releasing Mr. Bell early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. Certainly, the Court is sympathetic to the risks prisoners with underlying conditions such as Mr. Bell face from COVID-19, but it cannot find that those risks warrant releasing him from incarceration at this time. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (affirming denial of motion for compassionate release where district court found that § 3553(a) factors weighed against release despite COVID-19 risk because defendant committed serious offense and had only served one-third of sentence); *United States v. Ebbers*, No. S402-CR-11443VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020) (in evaluating a motion for compassionate release, the court should consider whether the § 3553(a) factors outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether compassionate release would undermine the goals of the original sentence).

---

[3] In his supporting brief, Mr. Bell argues that, if he were sentenced today, his conviction for possession of marijuana would no longer qualify as a predicate offense supporting an Information under § 851. Dkt. 1423. In response, the United States argues that, even if his conviction for marijuana possession would not count as a predicate offense, his robbery conviction would. Dkt. 1425. Thus, his mandatory minimum sentence would remain the same even if he were sentenced today. Mr. Bell did not dispute this argument in reply. Moreover, Mr. Bell was sentenced—by his own agreement—to well above the mandatory minimum, so the fact that he might face a lower mandatory minimum if sentenced today does not support his request for release.

### III. Conclusion

For the reasons stated above, Mr. Bell's motions for compassionate release, dkts. [1365] and [1422], are **denied**.

**IT IS SO ORDERED.**

Date: 3/22/2021

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel